**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ERICK TOWET,

                         **Petitioner,**

       v.                                    CASE NO. 20-3258-JWL

KATY CASSELLE, Deportation Officer,

                         **Respondent.**

**MEMORANDUM AND ORDER**

    This matter is before the Court on a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis. Petitioner has submitted an emergency motion for preliminary injunction. For the reasons that follow, the Court grants a temporary restraining order and directs a responsive pleading.

**Nature of the Petition**

    Petitioner is a native of Kenya. He brings this action to challenge verbal notice by the respondent, an officer of the United States Customs and Immigration Enforcement, that his order of supervision is subject to revocation and that he is subject to detention on October 19, 2020, unless he produces a written statement from the Kenyan consulate explaining its refusal to issue travel documents to him.

    Petitioner explains that he contacted the consulate on September 2, 2020, and was told no such document would be provided. He states that he then sought assistance through counsel, who contacted the Harambe House Central Headquarters, as directed by the consulate. That effort also was unsuccessful. In light of those refusals, petitioner

seeks immediate injunctive relief to prevent his detention.

## Discussion

The Court liberally construes the request for emergency relief as a request for a temporary restraining order (TRO). A TRO may be issued without notice to the opposing party and is limited to fourteen days. *See* Fed. R. Civ. P. 65 (b)(1)-(2).

The standards governing the issuance of a TRO are essentially the same as those for a request for preliminary injunctive relief. *See People's Trust Fed. Credit Union v. Nat'l Credit Union Admin. Bd.*, 350 F. Supp. 3d 1129, 1138 (D.N.M. 2018). To obtain relief, the moving party must show four factors: (1) the movant is substantially likely to succeed on the merits; (2) the movant will suffer irreparable injury if the relief is denied; (3) the movant's threatened injury outweighs any injury to the opposing party from the injunction; and (4) the injunction is in the public interest. Because this relief is an extraordinary remedy, the movant's right to relief must be clear and unequivocal. *Tickets for Less, LLC v. Cypress Media, LLC*, No. 20-2047-JAR-GEB, 2020 WL 528449, at *2 (D. Kan. Feb. 3, 2020)).

The Court finds the balance of these factors weighs in favor of the petitioner. First, given the apparent refusal of Kenyan authorities to comply with the request for documentation, it appears petitioner is not at fault and is likely to prevail on the merits. Next, the threat of detention represents a significant hardship and is one that cannot be easily remedied. Third, petitioner is the sole employed person in his household, and the threatened injury to him arising from detention far outweighs any detriment to the opposing party. Finally, a TRO is consistent with the public interest, as it appears that petitioner has taken all available steps to comply with

the respondent's request for documentation and has remained otherwise compliant with the terms of his release. Therefore, in order to preserve the status quo in this matter, the Court will grant a TRO preventing petitioner's detention on the ground that he failed to provide the documentation sought by the respondent. *See Keirnan v. Utah Transit Auth.*, 339 F.3d 1217, 1220 (10th Cir. 2003)("'In issuing a preliminary injunction, a court is primarily attempting to preserve the power to render a meaningful decision on the merits.'")(quoting *Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986)).

In addition, the Court finds a responsive pleading is necessary in this matter to allow a determination whether any additional relief is appropriate.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 3) is granted.

IT IS FURTHER ORDERED petitioner's emergency motion for preliminary injunction (Doc. 2) is liberally construed as a motion for a temporary restraining order and is granted. The Court hereby enjoins the respondent from detaining petitioner due to his failure to produce documentation explaining the failure of Kenyan authorities to issue travel documents.

IT IS FURTHER ORDERED respondent is granted to and including **October 26, 2020,** to file a response to the petition, and the Court will conduct a hearing to consider whether the injunctive relief granted in this order should be extended. The hearing will be held on **October 30, 2020, at 1:00 p.m. in Courtroom #440, Robert J. Dole Courthouse, 500 State Avenue, Kansas City, Kansas.**

The clerk of the court shall transmit copies of this Memorandum

and Order to the parties and to the U.S. Attorney for the District
of Kansas.

**IT IS SO ORDERED.**

DATED:  This 16th day of October, 2020, at Kansas City, Kansas.


S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge